CONTINENTAL CASUALTY CO. v. WILLIAM JORDAN.

CHARGE THAT SETTLEMENT IS NOT BINDING IN CASE OF FRAUD OR MISTAKE, ERRONEOUS IN ABSENCE OF SUCH AVERMENT.

In an action on an insurance policy wherein the answer alleged a settlement of the claim in question, to which the plaintiff made a general denial, an instruction to the jury, that if a settlement were procured by fraud or mistake, it would not bind the plaintiff, is reversible error.

ERROR to Hamilton common pleas court.

**Archer & Osler,** for plaintiff in error.
**David Davis,** for defendant in error.

## PER CURIAM.

The original action was founded upon a policy of insurance against accidental injury. One of the defenses set up by the defendant in its answer is that it made full settlement with the plaintiff for all damages arising from his alleged accident and took a receipt from said plaintiff in full for any and all damages accruing or growing out of his said alleged accident. The reply is a general denial.

The court charged the jury that if the settlement was procured by fraud or mistake, it was not binding upon the plaintiff. This was erroneous in the absence of any averment to that effect in the pleading (Swan, Pr. & Preced. 246-247).

We deem it unnecessary to determine what obligation was imposed by the terms of the policy upon the assured to pay the monthly premiums after the accident occurred, for the reason that if the settlement made and the receipt given were binding upon the plaintiff he was released from further payments, and if on the other hand settlement was made through mistake or fraud which the plaintiff did not discover until after he ceased paying premiums, the policy would not be forfeited for such nonpayment.

Judgment will be reversed, and cause remanded for a new trial.